ALEXANDER BRAINERD (BAR NO. 42722)
Alexander.Brainerd@hellerehrman.com
ANNETTE L. HURST (BAR NO. 148738)
Annette.Hurst@hellerehrman.com
LESLIE HARVEY (BAR NO. 241203)
Leslie.Harvey@hellerehrman.com
HELLER EHRMAN, LLP
333 Bush Street
San Francisco, CA 94104
Tel (415) 772-6000; Fax (415) 772-6268

COLBERN C. STUART, III (Bar No. 177897)
Cole.Stuart@hellerehrman.com
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Tel (858) 450-8400; Fax (850) 450-8499

Attorneys for Plaintiffs SYSTEMS AMERICA, INC.
and SYSTEMS AMERICA (I), PVT. LTD.

*E-FILED 11/16/06*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SYSTEMS AMERICA, INC. and SYSTEMS AMERICA (I) PVT. LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ROCKWELL SOFTWARE, INC. and ROCKWELL AUTOMATION, INC.<br><br>Defendants.<br><br>AND RELATED THIRD PARTY ACTION. | Case No. 03-CV-02232 JF (RS)<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs Systems America, Inc., Systems America (I) Pvt., Ltd. (hereinafter "Systems America"), Defendant/Third Party Plaintiff Rockwell Software, Inc. and Rockwell Automation, Inc. ("Rockwell") and Third Party Defendant Versant, Inc. each possess information related to the subject matter of this action that is confidential. All parties hereto recognize that in the course of discovery proceedings it may be necessary to disclose to other parties certain confidential information, but each party wishes to ensure that such information shall not be used for any purpose other than the proceedings in this case.

Accordingly, the following procedures shall be adopted for the protection of confidential and proprietary information.

**COVERAGE AND DEFINITIONS**

1. This Protective Order shall govern material and information produced in this action, including, without limitation: all deposition testimony; transcripts of any such testimony; interrogatory responses; documents produced, physical objects, recordings and things produced; and all discovery responses, whether produced informally or in response to interrogatories, requests for admission, requests for production of documents, or any other method of discovery.

2. Except by prior consent of the parties to this Order or order of this Court, all materials or information produced by any party or non-party in this action shall not be used for any purposes other than the proceedings in this case. Notwithstanding any provisions of this Protective Order, it does not affect any party or non-party's ability to use its own documents for any purpose.

3. For purposes of this Protective Order, the term "counsel" shall mean all attorneys associated with the law firms retained by the parties for this case as well as paralegal assistants, office clerks, secretaries, support staff and other individuals employed to assist counsel in preparing this case for trial and who are working under the supervision of retained attorneys for the party.

Heller Ehrman LLP

STIPULATED PROTECTIVE ORDER

2

03-CV-02232 JF (RS)

## DESIGNATION OF INFORMATION

4. CONFIDENTIAL INFORMATION means any document or thing, or portion thereof, designated by a party (or non-party under Paragraph 5, below) in good faith as confidential because it contains or is a trade secret or other confidential research, development, financial or commercial information.

5. Any document or thing containing CONFIDENTIAL INFORMATION which a party or non-party wishes to be made subject to this Protective Order shall be marked [Systems America or Rockwell or Versant or NAME OF NON-PARTY] CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER, on the first page and those pages actually containing the CONFIDENTIAL INFORMATION at the time it is turned over to the receiving party. Any non-party seeking to make information subject to this Protective Order may do so only upon written stipulation to be bound by the terms of this Order. Any copy made of such document or thing, or document or thing created (*e.g.*, any abstract, summary, memorandum or exhibit) containing information designated pursuant to this Order shall bear on its face and on those pages actually containing the CONFIDENTIAL INFORMATION the legend [Systems America or Rockwell or Versant or NAME OF NON-PARTY] CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER. All things containing CONFIDENTIAL INFORMATION that cannot be conveniently labeled may be designated as confidential by letter to the receiving party.

6. Any document or thing containing CONFIDENTIAL INFORMATION that also describes or discloses software source code or other related materials used in the development of software products or other highly confidential or competitively sensitive material may be marked as [Systems America or Rockwell or Versant or NAME OF NON-PARTY] CONFIDENTIAL INFORMATION - OUTSIDE ATTORNEYS ONLY - SUBJECT TO PROTECTIVE ORDER. Any document or thing so marked shall be accorded the same protections as those documents marked "CONFIDENTIAL," and additionally shall not be viewed by any person who is an employee of the non-producing

Heller
Ehrman LLP

party (including but not limited to any in-house counsel of the non-producing party), regardless of whether such employee is an attorney of record in this case.

7. If, during the course of discovery in this action, a party hereto, or its representatives, are authorized to inspect the other party's facilities, or processes of product manufacture, any documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party to be CONFIDENTIAL INFORMATION and shall be accorded the same protections as materials designated CONFIDENTIAL INFORMATION - OUTSIDE ATTORNEYS ONLY unless the disclosing party consents in writing to a lesser degree of protection or the unless the Court orders otherwise.

8. Whenever a deposition involves a disclosure of CONFIDENTIAL INFORMATION, the following procedure shall be implemented:

(a) At the request of the party whose CONFIDENTIAL INFORMATION is disclosed or is about to be disclosed, the reporter shall mark those pages of the transcript containing CONFIDENTIAL INFORMATION in accordance with Paragraphs 5 and/or 6. The original and all copies of the confidential portions of the transcript or proceeding and/or testimony shall be separately bound by the reporter and labeled as confidential in accordance with Paragraphs 5 and 6. The designating party shall have the right to exclude any person from any portion of a deposition that is likely to elicit testimony or include questions that contain CONFIDENTIAL INFORMATION except those persons qualified to receive CONFIDENTIAL INFORMATION under Paragraphs 12-13.

(b) A request that testimony be designated as CONFIDENTIAL INFORMATION under Paragraphs 5 and/or 6 shall be made on the record whenever possible, but any party may designate portions of the transcript of depositions as containing CONFIDENTIAL INFORMATION under Paragraphs 5 and/or 6 after transcription (as in the case of any other document or tangible thing), provided that written notice of such designation is given to the other party within seven days of the date on which the transcript of the recorded testimony was received. The parties shall not disseminate a deposition or other transcript or the contents thereof beyond the persons designated in Paragraphs 12-13

for a period of 10 days after receipt of such transcript in order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the Court and used in accordance with Paragraph 9 in connection with these proceedings at any time.

9. If any CONFIDENTIAL INFORMATION is included with or the content thereof is in any way disclosed in any pleading, motion, deposition transcript or other paper filed with the Court, such documents and related materials shall be filed in sealed envelopes in compliance with Local Rule 79-5, prominently marked with the caption of this case, the identity of the party filing the envelope and the notation:

**DOCUMENT SUBMITTED UNDER SEAL CONTAINING CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED TO PERSONS OTHER THAN THE COURT OR COURT STAFF, EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES.**

### USE OF CONFIDENTIAL INFORMATION

10. CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Order, may be disclosed only as provided in this Protective Order, and shall not be used for any purpose other than the proceedings in this case.

11. CONFIDENTIAL INFORMATION may be disclosed only to:

(a) the Court, Court personnel, and Court reporters;

(b) outside counsel for the parties;

(c) the parties including the parties' board members, executives, employees, attorneys and agents;

(d) experts and their employees who are retained for the purpose of assisting in the prosecution or defense of this action, provided, however, that before Confidential Information is disclosed to any such person, that person shall sign an acknowledgment in writing in the form set forth in Exhibit "A" that the person has read and agrees to abide by the terms of this Order, and such person has been disclosed to the producing party according to the terms of Paragraph 14 and the prerequisites to disclosure specified in Paragraph 14 have been fully satisfied;

Heller Ehrman LLP

(e)   persons who prepared or assisted in the preparation of such Confidential Information, persons to whom such materials were addressed, circulated, or shown, or persons who would have access to such materials in the ordinary course of their business;

(f)   deposition or trial witnesses who are present or former employees of the party producing the Confidential Information at the time that the deposition or trial testimony is given; and

(g)   graphic, design, jury-consulting, or trial consulting services and their employees who are retained for the purpose of assisting in the prosecution or defense of this action, provided, however, that before Confidential Information is disclosed to any such person, that the person shall sign an acknowledgement in writing in the form set forth in Exhibit "A" that the person has read and agrees to abide by the terms of this Order.

12.   CONFIDENTIAL INFORMATION marked with the legend "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" may be disclosed only to:

(a)   the Court, Court personnel, and Court reporters;

(b)   outside counsel for the parties (i.e., not including any member of the in-house legal department for either party, regardless of whether such in-house counsel is an attorney of record in this case);

(c)   experts and their employees who are retained for the purpose of assisting in the prosecution or defense of this action, provided, however that before Confidential Information is disclosed to any such person, that person shall sign an acknowledgment in writing in the form set forth in Exhibit "A" that the person has read and agrees to abide by the terms of this Order and such person has been disclosed to the producing party according to the terms of Paragraph 14 and the prerequisites to disclosure specified in Paragraph 14 have been fully satisfied;

(d)   persons who prepared or assisted in the preparation of such Confidential Information, persons to whom such materials were addressed, circulated, or shown, or persons who would have access to such materials in the ordinary course of their

business;

(e) deposition or trial witnesses who are present or former employees of the party producing the Confidential Information at the time that the deposition or trial testimony is given; and

(f) graphic, design, jury-consulting, or trial consulting services and their employees who are retained for the purpose of assisting in the prosecution or defense of this action, provided, however, that before Confidential Information is disclosed to any such person, that the person shall sign an acknowledgement in writing in the form set forth in Exhibit "A" that the person has read and agrees to abide by the terms of this Order.

13. Notwithstanding the foregoing, if a document or testimony designated as CONFIDENTIAL INFORMATION makes reference to the actual or alleged conduct or statements of a person who a party has determined will be a witness, counsel may discuss the conduct or statements with the witness without revealing any other portion of the document or testimony and that discussion shall not constitute disclosure in violation of this Protective Order.

14. Before disclosing any CONFIDENTIAL INFORMATION to a prospective recipient under paragraph 12(c), above, the party wishing to make such disclosure ("disclosing party") shall provide written notice to the producing party setting forth the name, occupation, a description of the nature of any relationship with the disclosing party (i.e., employee, consultant, owner, stockholder, officer or executive or family member of same, or any other association with the same), and business and residence address of the prospective recipient, and providing a curriculum vitae of such person. Within ten (10) calendar days of such notice, the producing party may object to such disclosure by delivering a written objection setting forth the reasonable basis therefor to the counsel of record for the disclosing party. If objection is timely made in writing by the producing party to the disclosing party, the proposed disclosure shall not be made until the objection is resolved. If, after reasonable efforts are made, the objection is not resolved or cured, the disclosing party may move to challenge the objection.

15. Each side shall be limited in its disclosure of another party's source code or other related materials used in the development of software products pursuant to Paragraphs 12(c) and 14 to no more than two experts or expert firms. For purposes of this Paragraph, Systems America, Inc. and Systems America (I) Pvt. Inc. shall be limited to disclosure to no more than two experts or expert firms combined; Rockwell Software Inc. and Rockwell Automation, Inc. shall be limited to disclosure to no more than two experts or expert firms combined; and Versant Corporation shall be limited to disclosure to no more than two experts or expert firms.

16. Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information consents in writing to such disclosure, or if the Court orders such disclosure.

17. The receiving party and its counsel shall not be deemed to be in violation of this Order for disclosures made prior to notice of any designation of confidentiality.

18. Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to counsel's client and, in the course thereof, relying generally on counsel's examination of materials designated confidential under this Order; provided, however, that, in rendering such advice and otherwise communicating with such client, counsel shall not make a specific disclosure of any materials so designated unless the recipients are otherwise authorized to receive the specific disclosure.

19. In the event that any person in receipt of CONFIDENTIAL INFORMATION shall receive a written request, subpoena, or Court Order seeking disclosure of such information, such person shall promptly upon receipt of such request, subpoena or Court Order, notify counsel for the designating party of the request, subpoena or Court Order, and shall provide counsel for the designating party with a copy of the same.

20. The parties shall provide each other with a list of documents and things designated as confidential that will be used at trial at such time as the list of exhibits is to be exchanged among the parties, but in no event later than thirty (30) days in advance of trial.

1  Any such documents or things may be offered into evidence and published in open court
2  unless the objecting party obtains a protective order from the Court.

3      21.    Before any disclosure of CONFIDENTIAL INFORMATION of another party
4  is made to mock jurors, focus group members and the like selected by counsel or trial
5  consultants or jury consultants in preparation for proceedings between the parties regarding
6  the subject matter of this action, any such person shall execute a confidentiality agreement
7  in the form attached as Exhibit A and such statement shall be kept by counsel for reference
8  should such be necessary. No documents or physical things embodying CONFIDENTIAL
9  INFORMATION of another party shall be left in the possession of any such person.

## INFORMATION DESIGNATED IMPROPERLY

11     22.    The restrictions set forth in any of the preceding paragraphs shall not apply to:
12         (a)    any information which at the time of disclosure is available to the
13  public;
14         (b)    any information which after disclosure becomes available to the public
15  through no act, or failure to act, on behalf of the receiving party, its counsel or independent
16  consultant(s); and
17         (c)    any information which the receiving party, its counsel or independent
18  consultant(s) can show (i) as a matter of written record was already known to the receiving
19  party from other sources, (ii) was independently developed by the receiving party, (iii) was
20  obtained from the furnishing party without having been identified as CONFIDENTIAL
21  INFORMATION, or (iv) was received after the time of disclosure hereunder from a third
22  party having right to make such disclosure and was not required to be held in confidence.

23     23.    Any party may challenge any designation of confidentiality by giving written
24  notice to the designating party (which notice shall specify with particularity the document
25  or other matter pursuant to which the challenge is made). Within ten (10) days of receipt of
26  such notice, counsel for the party that produced the materials must determine whether to
27  withdraw the designation. If the designation is withdrawn, counsel for the designating party
28  shall give written notice of the change and shall substitute undesignated copies of the items.

Heller
Ehrman LLP

If counsel for the designating party does not withdraw the designation, the party making the challenge may file a motion with the Court with respect thereto. The parties agree that before seeking any relief from the Court they will make a good faith effort to resolve any disputes concerning the appropriate treatment of such materials. Until this Court enters an order changing the designation, the materials shall be treated in accordance with their initial designation.

24. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION (including designation per ¶ 7) shall rest on the designating party.

## INADVERTENT DISCLOSURES

25. A party that inadvertently fails to designate CONFIDENTIAL INFORMATION material at the time of its production shall have fourteen (14) days from discovery of the inadvertent failure to designate the Confidential Information in which to correct its failure. Such correction, and notice thereof, shall be made in writing, accompanied by substitute copies of each affected item, designated as described above.

26. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within 10 days of receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure; provided that the party seeking discovery may not assert waiver as a basis for production.

## OTHER

27. Promptly upon completion of the litigation, including without limitation, any appeal or trial, each party shall return or destroy all documents designated by the other parties as CONFIDENTIAL INFORMATION and all copies thereof and shall destroy all documents and things containing information based on CONFIDENTIAL INFORMATION, except that outside counsel for each party (but not the in-house legal department of a party) may retain one or more copies of any document and thing designated by the other parties as CONFIDENTIAL INFORMATION as reasonably necessary and appropriate under the circumstances. Notwithstanding the previous sentence in the event that any additional proceedings between the parties regarding the subject matter of this action is (are) ongoing at the time of the completion of this action, counsel for each party may retain copies of each document and thing designated by the other parties as CONFIDENTIAL INFORMATION and copies of each document and thing containing information based on CONFIDENTIAL INFORMATION for the purpose of such additional ongoing proceeding(s).

28. After the conclusion of this action, including without limitation, any appeal or retrial, this Order shall continue to be binding upon the parties hereto, and all persons to whom designated materials have been disclosed or communicated. This Court retains jurisdiction over the parties hereto indefinitely with respect to any dispute regarding the improper use of information produced under this Protective Order.

29. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder. This Protective Order may be amended by further order of Court upon good cause shown.

30. Entering into, agreeing to, producing, or receiving material designated under, or otherwise complying with the terms of this Order shall not:

Heller Ehrman LLP

STIPULATED PROTECTIVE ORDER        11        03-CV-02232 JF (RS)

     (a)    operate as an admission by any person that any particular material designated as Confidential Information contains or reflects trade secrets; confidential research, development, or commercial material; and/or any other type of confidential material;

     (b)    operate as an admission by any person that the restrictions and procedures set forth herein constitute adequate protection for any particular material designated as Confidential Information;

     (c)    prejudice in any way the rights of any person to object to the production of documents it considers not subject to discovery;

     (d)    prejudice in any way the rights of any person to object to the authenticity or admissibility into evidence of any material subject to this Order;

     (e)    prejudice in any way the rights of any person to seek a determination by the Court whether any material should be subject to the terms of this Order;

     (f)    prejudice in any way the rights of any person to petition the Court for a further protective order relating to any purportedly confidential material;

     (g)    prevent the designating party from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular material; or

     (h)    prevent the Court from modifying this Order.

31.    Each of the firms and parties named above, by executing a copy of this Protective Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

32.    The terms of this Order shall be binding on the parties from the time that the parties' counsel have signed the stipulation until the Court enters the Order, whereupon this stipulation shall merge with the Order and after which the parties will be bound solely by the terms of the Order. If the Court fails to enter this Order, the parties shall nonetheless be bound to adhere to the terms of this stipulation as a matter of contract unless and until the Court orders otherwise.

Heller Ehrman LLP

33. This stipulation may be executed in any number of counterparts, each of which shall constitute one and the same instrument. Execution of a facsimile copy shall have the same force and effect as execution of an original.

DATED: November 16, 2006       Respectfully submitted,

HELLER EHRMAN LLP

By  /s/
Colbern C. Stuart
Attorneys for Plaintiffs
SYSTEMS AMERICA, INC. and SYSTEMS AMERICA (I) PVT. LTD.

DATED: November 16, 2006       Respectfully submitted,

FOLEY & LARDNER LLP

By  /s/
Kimberly K. Dodd
Attorneys for Defendants
ROCKWELL SOFTWARE, INC. and ROCKWELL AUTOMATION, INC.

DATED: November 16, 2006       Respectfully submitted,

FENWICK & WEST LLP

By  /s/
Rodger R. Cole
Attorneys for Third Party Defendant
VERSANT CORPORATION

It is SO ORDERED this 16th day of November, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *SYSTEMS AMERICA, INC. and SYSTEMS AMERICA (i) PVT. LTD. v. ROCKWELL SOFTWARE, INC., ROCKWELL AUTOMATION, INC.* (and related Third Party Action), in the United States District Court, Northern District of California, San Jose Division and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I acknowledge that I am about to receive CONFIDENTIAL INFORMATION in said action and certify my understanding that such CONFIDENTIAL INFORMATION is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such information and any copies I make of any documentary material containing CONFIDENTIAL INFORMATION or any notes or other records that may be made regarding any such information shall not be disclosed to others, except other qualified persons as defined in that Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Signed:_____

Dated:_____

Current Address:_____

_____

Employer:_____

# CERTIFICATE OF SERVICE

I certify that on November 16, 2006, I electronically mailed a copy of the foregoing STIPULATED PROTECTIVE ORDER to:

| | |
|---|---|
| Kimberly K. Dodd<br>kdodd@foley.com<br>Foley & Lardner LLP<br>1215 K Street, Suite 1920<br>Sacramento, CA 95814<br>Tel: 916.443.8005<br>Fax: 916.443.2240 | Rodger R. Cole<br>rcole@fenwick.com<br>Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041<br>Tel: 650.988.8500<br>Fax: 650.938.5200 |
| Nancy J. Geenen<br>ngeenen@foley.com<br>Foley & Lardner LLP<br>One Maritime Plaza, Sixth Floor<br>San Francisco, CA 94111-3409<br>Tel: 415.434.4484<br>Fax: 415.434.4507 | Saundra L.M. Riley<br>sriley@fenwick.com<br>Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041<br>Tel: 650.988.8500<br>Fax: 650.938.5200 |

/s/
Liz Hoke

SD 848359 v1