**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

NANCY J. GEENEN, BAR NO. 135968
KIMBERLY K. DODD, BAR NO. 235109

Attorneys for Defendants Rockwell Software, Inc. and Rockwell Automation, Inc.

\*\*E-filed 1/22/07\*\*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SYSTEMS AMERICA, INC. AND SYSTEMS AMERICA (I) PVT. LTD. <br><br> Plaintiffs, <br><br> v. <br><br> ROCKWELL SOFTWARE, INC. AND ROCKWELL AUTOMATION, INC. <br><br> Defendants. | Case No. 03-CV-02232 JF <br><br> Honorable Jeremy Fogel <br><br> STIPULATION AND [PROPOSED] ORDER TO CONTINUE CASE SCHEDULE |
| ROCKWELL AUTOMATION, INC. <br><br> Third Party Plaintiff, <br><br> v. <br><br> VERSANT CORPORATION <br><br> Third Party Defendant. | |

Plaintiffs SYSTEMS AMERICA, INC. and SYSTEMS AMERICA (I) PVT. LTD. (collectively "Systems America") and Defendants ROCKWELL SOFTWARE, INC. and ROCKWELL AUTOMATION, INC. (collectively "Rockwell"), by and through their respective duly authorized counsel of record, hereby stipulate and agree to the following Stipulation and [Proposed] Order to Continue Case Schedule in the above-captioned matter.

The parties request an extension of the case schedule to allow the parties to conclude necessary pretrial discovery.  Such an extension is warranted for the following reasons:

1.     Although this action was filed in 2003, by order dated April 19, 2004, the Court ordered the parties to stay all further litigation until May, 2006 in order to carry out mandatory ADR procedures between Systems America and Rockwell.  On May 4, 2006, the Special Master appointed for purposes of the ADR issued an order returning the action to court.  (Dkt. #66.)  Accordingly, the parties were prevented from beginning discovery in this action until the Summer of 2006.

2.     In addition, based substantially on the results of the special master proceedings, the parties and nature of the case have changed significantly; both Systems America and Rockwell have changed counsel since the conclusion of the ADR (Dkt. #62 and Dkt. #71), Rockwell filed a Third-Party Complaint adding Versant as a Third-Party Defendant on June 26, 2006 (Dkt. #69), and Systems America filed a First Amended Complaint on September 27, 2006 adding a new cause of action for copyright infringement, added Defendant Rockwell Automation, Inc., and substantially enlarged its allegations against the Rockwell entities.  (Dkt. #80.)  Finally, based upon Systems America's enlarged pleadings, Rockwell filed a First Amended Third-Party Complaint against Third-Party Defendant Versant on October 12, 2006 adding claims for breach of warranty.  (Dkt. #82.)

3.     In response to Rockwell's Third-Party Complaint, Versant filed a motion to dismiss Rockwell's First Amended Third-Party Complaint on November 3, 2006, which is not scheduled to be heard until January 19, 2007.

4.     The deadlines set in the current Scheduling Order (set prior to the amended pleadings detailed above), include a January 15, 2007 discovery cut-off.  Accordingly, the parties will not know the scope of Rockwell's claims against Versant and Versant will not file an answer until after the close of discovery.

5.     Further, Versant has uniformly objected to document requests served upon it by Rockwell, claiming that, because its motion to dismiss is now pending, the case against it is "not yet at issue."  Though Versant was twice solicited to join in this Stipulation and [Proposed] Order, it has steadfastly refused to take any position on the matter, reiterating that "Versant is still not at issue in this action."  While Rockwell and Systems America do not concede that the

case is not yet at issue, Versant's objections to discovery and refusal to otherwise participate in the litigation makes it impossible for the parties to complete fact discovery by the January 15, 2007 deadline.

6. Notwithstanding Versant's uniform refusal to produce documents, Rockwell and Systems America have aggressively engaged in substantial written discovery, including interrogatories, production of approximately 70,000 pages of documents, and begun taking depositions of Rockwell's 30(b)(6) witness(es).

7. Further, Systems America and Rockwell have encountered substantial disagreement regarding the scope of Systems America's discovery requests to Rockwell and have engaged in substantial meet and confer efforts to address such disagreement. Rockwell has agreed to produce some, but not all, of the documents and information requested by Systems America, and based upon representations of Rockwell, Systems America has agreed to temporarily withhold pursuing motions to compel until such time as Systems America can examine the documents and information that Rockwell will voluntarily provide. For example, Rockwell produced source code for approximately thirty versions of products on December 7, 2006 and approximately 40,000 pages of technical documentation on January 9, 2007. This source code and technical documentation will require extensive analysis by the parties and their experts.

6. Systems America took the Rule 30(b)(6) deposition of Rockwell on December 14-15, 2006, and Rockwell agreed to re-produce a Rule 30(b)(6) witness at a later date after Rockwell's document production is complete to allow Systems America to question the witness regarding any subsequently-produced discovery by Rockwell.

7. Each party has voluminous records pertaining to the claims alleged in this action and plans to supplement their respective document productions in January, 2007.

8. In addition to the Rule 30(b)(6) deposition of Rockwell, the parties plan to take the depositions of numerous individuals and the Rule 30(b)(6) depositions of Systems America and Versant. The parties would prefer to defer these additional depositions until the parties have substantially completed their respective document productions.

NOW, THEREFORE, Systems America and Rockwell, by and through their counsel, stipulate and request that this Court enter an order extending the case schedule as follows:

| DESCRIPTION | CURRENT DATE | NEW DATE |
|---|---|---|
| Parties shall complete fact discovery on or before | January 15, 2007 | May 11, 2007 |
| Party with burden of proof shall serve expert reports on or before | February 1, 2007 | June 1, 2007 |
| Parties shall serve rebuttal expert reports on or before | March 1, 2007 | June 29, 2007 |
| Parties shall complete expert witness discovery on or before | March 19, 2007 | July 20, 2007 |
| Parties shall file motions for summary judgment on or before | April 16, 2007 | August 10, 2007 |
| Pretrial Conference | June 1, 2007 | October 5, 2007 |
| Trial | June 15, 2007 | October 19, 2007 |

DATED:   JANUARY 18, 2007                           FOLEY & LARDNER LLP


                                          BY:            /S/
                                                KIMBERLY K. DODD
                                          Attorneys for Defendants ROCKWELL
                                          SOFTWARE, INC. AND ROCKWELL
                                          AUTOMATION, INC.

DATED:   JANUARY 18, 2007                           HELLER EHRMAN LLP


                                          BY:            /S/
                                                COLBERN C. STUART, III
                                          Attorneys for Plaintiffs SYSTEMS
                                          AMERICA, INC. AND SYSTEMS AMERICA
                                          (I) PVT. LTD.

1   IT IS SO ORDERED.

3   DATED:      1/19/07      , 2007

    JUDGE JEREMY FOGEL
    UNITED STATES DISTRICT COURT