# HellerEhrman LLP

April 19, 2007

*Via Facsimile (408-535-5163)*

Colbern C. Stuart, III
Cole.Stuart@hellerehrman.com
Direct +1.858.450.5828
Direct Fax +1.858.587.5973
Main +1 (858) 450-8400
Fax +1 (858) 450-8499

23049.0014

The Honorable Jeremy Fogel
United States District Court,
Northern District of California (San Jose)
280 South 1st Street
San Jose, CA 95113

Re:   *Systems America, Inc. and Systems America (I) PVT. LTD. v. Rockwell Software, Inc. and Rockwell Automation, Inc., and related third party action*
United States District Court, No. District of California
San Jose Division, Case No. 03-CV-02232 JF

Dear Judge Fogel:

This firm represents Plaintiffs, Systems America, Inc. and Systems America (I) PVT. LTD. I write at the suggestion of Ms. Teresa Fleischman to request clarification from the Court regarding the case schedule after the April 6 CMC and to request that the Court order the parties to attend a settlement conference before Magistrate Seeborg.

At the April 6 CMC the Court inquired of counsel for all parties whether the parties wanted the Court to calendar trial and discovery dates, or whether the parties desired to attend further ADR before Judge Flaherty, who had overseen a previous mediation in the case, or Magistrate Seeborg. Because counsel for the parties had not conferred with their clients regarding this question, counsel could not respond to the Court's suggestion with an informed preference. As a result, the Court declined to schedule trial and related discovery dates, continued the CMC to May 4, 2007, and requested that the parties confer with their clients and advise the Court on their respective positions regarding ADR. However, the Court did not specifically vacate the existing January 22, 2007 Scheduling Order which previously set trial and related dates. The parties neglected to clarify with the Court whether it intended to vacate that existing schedule or leave it in place pending a decision on further ADR.

Counsel have conferred regarding the ADR question and have not reached unanimous agreement. Plaintiff Systems America is in favor of further ADR before either Judge Flaherty or Magistrate Seeborg. Counsel for Rockwell were invited, but declined, to prepare this letter jointly, but have communicated their positions to Plaintiffs' counsel as follows:

Heller Ehrman LLP   4350 La Jolla Village Drive, 7th Floor   San Diego, CA 92122-1246   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

HellerEhrman LLP

The Honorable Jeremy Fogel
April 19, 2007
Page 2

Cross-Defendant Versant has indicated: "We would like to participate in a settlement conference. We would like to keep our expenses as low as possible before any settlement conference. Every dollar we spend in litigation fees is a dollar less we could contribute to settlement."

Counsel for Rockwell has indicated: "Rockwell is not optimistic that this case will resolve in mediation given the parties' seemingly different views of the case, making mediation a waste of time and money for all of the parties. Based on the statements made at the deposition last week and in Systems America's motion to compel, we believe Systems America has unrealistic expectations for recovery in this action. If Systems America has different views regarding settlement, we invite it to put those views in writing so Rockwell can evaluate whether mediation is worth pursuing. In the event the parties do decide to mediate, Rockwell would prefer to mediate before Magistrate Seeborg."

Plaintiff's counsel submits that, notwithstanding counsel for Rockwell's professed lack of optimism, a settlement conference is precisely the procedure appropriate under these circumstances—where parties have different views of the case, an experienced mediator such as Magistrate Seeborg can be highly effective at providing a neutral evaluation of the case which will often help all parties move away from entrenched positions. Given that both Systems America and Versant have expressed a willingness, indeed a *preference*, to attempt to negotiate before incurring unnecessary litigation costs, Plaintiff respectfully submits that Rockwell's pessimism is unjustified under the circumstances.

Plaintiff therefore requests that the court order the parties and counsel attend a mandatory settlement conference before Magistrate Seeborg.

Further, Plaintiff respectfully requests that the Court clarify whether it intends to leave the existing January 22, 2007 Scheduling Order in place or vacate it pending a decision regarding ADR. Because the parties neglected to clarify this issue with the Court there is some confusion regarding the effect of the Court's declining to enter the case schedule outlined in the CMC statement. Moreover, Plaintiff submits that vacating Scheduling Order will permit the parties to focus more attention on settlement and potentially avoid unnecessary discovery and trial costs. Unfortunately, with the close of discovery currently scheduled for May 11, 2007, the parties will not be able to avoid costs of numerous depositions scheduled to occur over the coming weeks unless the Court promptly vacates or continues the existing dates.

A continuance of existing trial and related dates is also warranted for several other reasons. First, because this case was initially sent to ADR before Judge Flaherty, discovery in the case did not begin in earnest until October, 2006. Moreover, Rockwell filed its Cross-Complaint against Defendant Versant only after the ADR process, and Versant only answered

the Cross-Complaint two months ago on February 28, 2007. Because Versant initially filed a motion to dismiss Rockwell's Cross-Complaint, it previously refused to respond

HellerEhrman LLP

The Honorable Jeremy Fogel
April 19, 2007
Page 3

substantively to Systems America's discovery requests, objecting to propounded discovery by asserting that the case was "not yet at issue" with respect to it. Versant has only begun to produce documents in response to Systems America's discovery requests within the last two months. As Plaintiff has alleged that Rockwell colluded with Versant employees to steal its software source code and trade secrets, Versant's delay in providing substantive discovery responses has hampered Plaintiff's ability to develop its case.

Second, the parties will likely need additional time to complete discovery given that several discovery disputes have recently arisen between the parties that have yet to be resolved. For example, Plaintiff has moved to compel Rockwell's production of additional damages-related documents before Magistrate Seeborg, but that motion cannot be heard by the Magistrate before May 16, 2007. Further, Defendant Rockwell has steadfastly refused to cooperate with Plaintiff's counsel to schedule dates and locations for numerous depositions of Rockwell witnesses (see attached 4/19/07 letter from Colbern Stuart to Kimberly Dodd) which may unfortunately necessitate additional motion practice before the Magistrate. Further, both Rockwell and Versant have refused Plaintiff's request for a joint stipulation regarding procedures by which depositions of witnesses located in India may be jointly conducted, which threatens to further complicate the taking of those depositions overseas (see attached 4/16/07 letter from Rodger Cole to Colbern Stuart). While Plaintiff's counsel is continuing to meet and confer with all counsel to seek to resolve these disputes, it is not yet clear whether additional motion practice before the Magistrate can be avoided.

Plaintiff hereby requests that, for all of the above reasons, the Court order the parties to a settlement conference before Magistrate Seeborg (which will be scheduled according to the Magistrate's availability), vacate the trial and discovery dates set in the January 22, 2007 Scheduling Order, and order the parties to report promptly to the Court upon conclusion of the settlement conference, whereupon decisions regarding further proceedings will be made. In the event that the Court desires the parties to appear to discuss this further, Plaintiff respectfully requests that the Court move the CMC hearing up one week to occur on April 27, 2007 so that this matter can be resolved promptly.

Very truly yours,

Colbern C. Stuart, III
Heller Ehrman LLP

Enclosure

cc: Kimberly Dodd
 Rodger Cole
 Nancy Geenen

# HellerEhrman LLP

April 19, 2007

*Via US Mail and E-Mail*

Colbern C. Stuart, III
Cole.Stuart@hellerehrman.com
Direct +1.858.450.5828
Direct Fax +1.858.587.5973
Main +1 (858) 450-8400
Fax +1 (858) 450-8499

23049.0014

Kimberly K. Dodd, Esq.
Foley & Lardner LLP
1215 K Street, Suite 1920
Sacramento, CA 95814

Re: *Systems America, Inc. and Systems America (I) PVT. LTD. v. Rockwell Software, Inc. and Rockwell Automation, Inc., and related third party action*
United States District Court, No. District of California
San Jose Division, Case No. 03-CV-02232 JF

Dear Ms. Dodd:

Please find enclosed deposition notices for Rockwell witnesses. I regret that over the past three weeks you have failed to work with me to schedule these depositions collaboratively in order to identify times and locations convenient for the parties and counsel. As I have advised you several times, you leave me with little choice but to notice these depositions unilaterally.

As you recall, on March 23 I indicated to you that Systems America intended to take the depositions of a number of Rockwell employees including Mssrs. Pantaleano, Ryan, Zink, Pappenhagen, and Eckberg (whom is no longer an employee but whom you stated you will represent) and Mdms. Timmerman and King, as well as a 30(b)(6) witness on various topics. I requested that Rockwell provide availability for these witnesses and identify the witness or witnesses it would be designating to testify regarding the 30(b)(6) topics.

On March 27 you advised that the identified witnesses would be available during the week of April 23. On March 29 I asked you to identify which witnesses were available on which days so that we could specify dates and locations for each witnesses' and their counsel's convenience. I also asked if any of the witnesses could be available during the week of April 16 as we intended to also take a Rule 30(b)(6) deposition for a number of days. You agreed that you could be available on April 19 and 20 but did not indicate which witnesses you would make available for which dates during either the week of April 16 or the

Heller Ehrman LLP  4350 La Jolla Village Drive, 7th Floor  San Diego, CA 92122-1246  www.hellerehrman.com

Beijing  Hong Kong  London  Los Angeles  Madison, WI  New York  San Diego  San Francisco  Seattle/Anchorage  Silicon Valley  Singapore  Washington, D.C.

HellerEhrman LLP

Kimberly K. Dodd
April 19, 2007
Page 2

23rd. To enable you to identify which witnesses would be testifying on specific topics I provided you with a draft 30(b)(6) deposition notice on the next day (March 30).

As you recall, Rockwell took the 30(b)(6) deposition of Mr. Tyagi for three days during the following week of April 2, during which you did not indicate that your witnesses' availability had changed. After Mr. Tyagi's deposition, at the CMC on April 6 I again requested that you provide availability details for these witnesses and indicated to you that I expected the depositions for the individuals and 30(b)(6) witness to take up to two weeks. You agreed to get back with me promptly with availability.

Having heard nothing from you, on April 11 I again inquired as to your witnesses availability and scheduling. You responded by email that you were "working to get dates and do not know when we will have them" because "many people are right now for [sic] spring break." I immediately advised you that if you did not provide dates promptly we would have no choice but to schedule dates and locations unilaterally. You replied that you were "working diligently to schedule dates" and promised to "get back to you as soon as possible." You also threatened that "if you unilaterally schedule dates and locations, we will have no choice but to seek relief from the court." I conceded to your request for additional time.

On Friday, April 13 you designated two witnesses responsive to the 30(b)(6) notice but failed to identify which witness would be testifying as to which topics. Further, despite the fact that I requested several days for the 30(b)(6) topics (and failing to reciprocate the courtesies Systems America had extended to your client's request for a *three* day 30(b)(6) deposition) you agreed to provide each witness for only *one* day. I responded immediately, again requesting that you identify which topics you were designating for which witness and offered to advise you of the number of days necessary for each witness. I also again requested that you indicate on which dates Mssrs. Eckberg, Ryan, Zink, and Mdms. King and Timmerman would be available during the period of April 24-May 11. You again failed to respond to my request.

I called you today again to discuss this issue but you have once again failed to respond to my efforts to resolve this matter cooperatively. If I do not hear from you by tomorrow at 5:00 p.m., I will assume these dates and locations are agreeable to you and proceed accordingly.

Very truly yours,

Colbern C. Stuart, III
Heller Ehrman LLP

Enclosures

# HellerEhrman LLP

Kimberly K. Dodd
April 19, 2007
Page 3

cc: Rodger C. Cole
　　Nancy J. Geenen

SD 874721 v1
4/19/07 4:57 PM (23049.0014)

## FENWICK & WEST LLP

SILICON VALLEY CENTER   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL 650.988.8500   FAX 650.938.5200   WWW.FENWICK.COM

April 16, 2007

RODGER R. COLE

EMAIL RCOLE@FENWICK.COM
DIRECT DIAL (650) 335-7603

VIA E-MAIL & U.S. MAIL

Colbern Stuart, Esq.
Heller Ehrman LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246

     Re:   *Systems America, Inc. v. Rockwell Software, Inc.*, Case No. 03-CV-02232 JF

Dear Cole:

     I write regarding your proposed Stipulation Regarding Procedures for the Taking of Foreign Depositions ("Proposed Stipulation") circulated on April 11, 2007. For at least the following reasons, Versant cannot provide consent to the Proposed Stipulation.

     As a preliminary matter, the cost and inconvenience of deposing foreign witnesses in the Republic of India would impose significant and unnecessary burdens on Versant. The substantial additional attorneys' fees and costs associated with remote international travel vastly outweigh the benefit, if any, of conducting these depositions in India. It is far less expensive to have individual witnesses travel to California, and in accordance with procedures outlined by foreign treaties, then to require attorneys for each party to travel to India, to make expensive and inconvenient travel and logistical arrangements, and to have to make similar arrangements for the travel and attendance of court reporters, videographers, interpreters, and the like. In addition to being costly, the approach is particularly inconvenient given the logistical difficulties inherent in coordinating deposition schedules in multi-party litigation, further compounded by three sets of attorneys attempting to arrange mutually agreeable times for 48-hour round trip flights to India. Versant sees no advantage to proceeding in such an expensive and burdensome fashion.

     In addition to the financial and logistical burdens that would be imposed by this tack, the procedures described in the Proposed Stipulation also fail to account for the jurisdictional limitations of the Federal Courts. Although F.R.C.P. 29 (under which the Stipulation purports to be governed) permits parties to stipulate to the location of a deposition, it does not establish the Court's jurisdiction over foreign deponents *ab initio*. A foreign resident is not subject to jurisdiction of the Courts absent compliance with international treaties governing jurisdiction and process over such individuals. Indeed, F.R.C.P. 28(e) and the 17 U.S.C. § 1781 *et seq.* require that the parties proceed in accordance with the laws of foreign jurisdictions, which set forth specific procedures that must be undertaken before a foreign deponent can be called to testify abroad. You, yourself, suggest that "the parties wish to conduct such depositions and discovery in India pursuant to the Federal Rules of Civil Procedure and any applicable treaties between the

Colbern Stuart, Esq.
April 16, 2007
Page 2

United States and India." Proposed Stipulation at 2:6-8. If that is the case, then the parties should proceed exactly in that fashion: by complying with the jurisdictional limitations of the Federal Rules, and the laws protecting Indian citizens against being compelled to testify absent compliance with the foreign treaties to which you refer.[1]

Certainly, the parties can agree that it is their *intention* to take certain depositions wherever they may like, including the Republic of India. But such an agreement – while binding on the parties – cannot confer jurisdiction to the Court over the non-parties they intend to depose. As such, the parties would remain without practical remedy in the event a witness declines to be available, or agrees to testify but then reneges. In such an event, the U.S. Courts would have no jurisdiction over the foreign non-party because the foreign protocol was not adhered to, and the parties themselves would have no means of compelling testimony without costly resort to foreign courts. Without any enforceable guarantee that the foreign non-parties will, in fact, appear at deposition, the potential pitfalls established by the Proposed Stipulation are entirely unjustifiable.

Finally, even assuming that the parties undertake the great cost and inconvenience to travel to India, and the witnesses actually appear for deposition, the quality and integrity of testimony provided can not sufficiently be regulated or enforced by stipulation alone. Because the non-party witnesses are not subject to Federal Court jurisdiction absent prior compliance with foreign treaties, there emerges a commensurate risk of perjury and false or incomplete testimony by the witnesses. These threats further undermine any attempt to justify the additional costs associated with conducting the depositions in India.

Versant remains willing to discuss these concerns further should you have any questions about the issues addressed herein.

Very truly yours,

FENWICK & WEST LLP

Rodger R. Cole

cc:   Kimberly K. Dodd, Esq.,
      Counsel for Rockwell Software, Inc.

16520/00407/LIT/1265784.3

---

[1] To that end, Versant is confused by the apparent contradictions in the Proposed Stipulation. On one hand, you suggest that "the parties wish to conduct such depositions and discovery in India pursuant to . . .any applicable treaties between the United States and India," yet on the other you seek to avoid these requirements "provided for under international treaty." *See* Proposed Stipulation at 2:11-12.