**\*e-filed 6/1/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SYSTEMS AMERICA, INC., et al.,

   Plaintiffs,

 v.

ROCKWELL SOFTWARE, INC. et al.,

   Defendants.

NO. C 03-02232 JF (RS)

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**

## I. INTRODUCTION

In this copyright action, plaintiff Systems America seeks information regarding sales by defendant Rockwell Software of products *other* than the allegedly infringing software programs, on the theory that it may be able to recover a portion of the revenues Rockwell derived from those products as "indirect profits." Rockwell contends that Systems America is not entitled to such discovery because it can show no "nexus" between such sales and the sales of the allegedly infringing products. Whether or not Systems America ultimately will be able to *prove* a sufficient nexus to recover indirect profits is a question for another day. For present purposes, Systems America has shown a sufficient possibility of such a nexus, entitling it to explore that issue further through the discovery process. Accordingly, Systems America's motion to compel will granted, except with respect to certain document requests seeking a broader range of financial information, production of which is unwarranted at this juncture.

1

## II. BACKGROUND

Rockwell sells various software products for use in automated factory production processes. The parties refer to these products as "factory-level" or "shop floor" products. Rockwell's customers typically also utilize software products, such as SAP's enterprise resource planning software ("ERP"), in their "business-side" or "top floor" operations. Historically, data from the factory floor programs and operations could only be "uploaded" to ERP software in "batches," perhaps once a day. Seeking to offer its customers the ability to link the "shop floor" products with their "top-floor" ERP, Rockwell entered into a contract with Systems America calling for the latter to develop two software products, known as "Enterprise Connectors," that would allow realtime transmission of data between Rockwell's existing products and ERP. Rockwell subsequently terminated its contract with Systems America, and began working with Mokume Software, a company founded by former employees of Systems America. Mokume was later acquired by Versant. Rockwell has continued to work with Versant in developing and extending the capabilities of its products.

Systems America alleges its former employees misappropriated its proprietary source code and other trade secrets, and used those materials in the work they continued to do with Rockwell. As a result, Systems America contends, Rockwell's current enterprise connector–the XML Enterprise Server–infringes System America's copyrights.

Systems America has propounded document requests and interrogatories seeking sales and customer information relating to the entire line of products Systems America contends is marketed and sold in conjunction with the allegedly infringing enterprise connectors. Rockwell has provided responsive information and documents only with respect to: (a) sales of the accused XML Enterprise Server, and (b) sales of other products to customers who acquired the XML Enterprise server.[1]

---

[1] Rockwell implies that it has disclosed all responsive information regarding other sales to customers who acquired an XML Enterprise Server; Systems America asserts it only received information as to such other sales if they were reflected on the same invoice as the XML Enterprise Server.

2

## III.  DISCUSSION

### A.  Interrogatory Nos. 5 & 6, Document Request Nos. 31-33

The parties are in agreement that, in appropriate cases, a plaintiff in a copyright action may recover profits earned by an infringer from sources *other* than sales of the infringing work.  "Section 504(b) [of the Copyright Act] provides recovery for 'any profits of the infringer that are attributable to the infringement.' 17 U.S.C. § 504(b)." *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 710 (9th Cir. 2004).  "On its face, § 504(b) does not differentiate between 'direct profits'–those that are generated by selling an infringing product–and 'indirect profits'–revenue that has a more attenuated nexus to the infringement." *Id.* (quoting *Mackie v. Rieser*, 296 F.3d 909, 914 (9th Cir.2002)   As a result, the Ninth Circuit has held that § 504(b) is "expansive enough to afford parties an indirect profits remedy under certain conditions." *Id.*

In arguing that Systems America is not entitled to the discovery in dispute, Rockwell points to the fact that Systems America must establish a "causal link" between Rockwell's alleged infringement and the sales of other non-infringing products before it can recover any profits from those other sales.  See *Polar Bear*, 384 F.3d at 710-711 ("a copyright holder must establish the existence of a causal link before indirect profits damages can be recovered . . . .When an infringer's profits are only remotely and speculatively attributable to infringement, courts will deny recovery." (citations omitted).).  Rockwell argues it is effectively self-evident or axiomatic that any of its customers who did not buy the accused XML Enterprise Server either "did not care about ERP connectivity" or "acquired ERP connectivity through other means."  Rockwell contends, therefore, that such customers simply could not "as a matter of fact and logic" have been enticed to buy other Rockwell products as a proximate result of Rockwell's offering of the accused product for sale.

Systems America fails to give sufficient credit to the apparent logic supporting Rockwell's position.  Nevertheless, Systems America ultimately is correct that Rockwell has failed to show that the information sought is not discoverable.  First, as Systems America points out, Rockwell relies on cases discussing the circumstances under which indirect profits are *recoverable* at trial on a full record; such cases are only indirectly relevant to the question of what is *discoverable*.  Second, and a

3

corollary point, discovery regarding purchases of products other than the XML Enterprise Server appears to be a prerequisite for Systems America making a showing, if it ever can, that such purchases were causally connected to Rockwell's offering of the XML Enterprise Server.  Third, Systems America introduced unrebutted evidence that Rockwell touted its ability to offer ERP connectivity in connection with its sales and marketing of all the products in issue.  Systems America suggests that, given the monetary investment involved, customers might very well choose to acquire "floor-level" products now, with the intention of purchasing an XML Enterprise Server later.  Although Systems America presented that point through argument without citation to any evidence, its basic premise that Rockwell may have used the availability of the XML Enterprise Server to attract customers to other products is sufficient to show that the discovery in dispute is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Proc. 26 (b) (1).[2]

At the hearing, Rockwell suggested that the interrogatories and document requests in dispute were overbroad and that responding to them would be unduly burdensome, even assuming the materials sought were relevant.  Although Rockwell included such general objections in its written responses to the discovery, it made no showing on those points in its opposition to this motion.  Accordingly, the motion to compel is GRANTED as to Interrogatory Nos. 5 and 6 and Document Request Nos. 31-33 .

B.  Document Requests 37-39

These document requests seek production of annual and quarterly balance sheets, income statements, and profit and loss statements, without any limitation connecting the information to either the accused product or any of the arguably related products. At the hearing, Systems America

---

[2] Systems America's reliance on *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc*. 772 F.2d 505 (9th Cir. 1985), however, is not entirely warranted. Systems America asserts the *Frank* court "awarded not only profits from [the infringing work], but also a percentage of profits from" all other income the infringer had realized from its customers "with no requirement that the additional profits recovered be limited to"those derived from customers who patronized the infringing work. Reply Brief at 6:18-21. In fact, the *Frank* court "awarded" no profits at all. Rather, it *remanded* the case to the trial court for a *factual determination* as to what, if any, "indirect profits" were ascertainable and legally attributable to the infringement.  See 772 F.2d at 517 ( "[W]e conclude indirect profits . . . are recoverable if ascertainable.).

4

appeared to concede that such information would be relevant, if at all, only if it did not receive the other information it was seeking. Accordingly, the motion to compel will be DENIED, without prejudice, as to Document Requests 37-39.

### III. CONCLUSION

The motion to compel is granted as to Interrogatory Nos. 5 and 6 and Document Request Nos. 31-33 and is denied, without prejudice, as to Document Requests 37-39. Rockwell shall serve amended interrogatory responses and any further responsive non-privileged documents within 14 days of the date of this order. The parties shall meet and confer and shall contact the Court at (408) 535-5414 to reschedule a settlement conference at the earliest date practicable in light of the further production required by this order.

IT IS SO ORDERED.

Dated: June 1, 2007

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Alexander L. Brainerd     alexander.brainerd@hellerehrman.com, robin.ramirez@hellerehrman.com

Rodger R. Cole     rcole@fenwick.com, vpieretti@fenwick.com

Kimberly K. Dodd     kdodd@foley.com, rbarcena@foley.com

Daniel L. Feder     danfeder@pacbell.net

Nancy J. Geenen     ngeenen@foleylaw.com, rbarcena@foleylaw.com

Annette L. Hurst     annette.hurst@hellerehrman.com, patti.johnsen@hellerehrman.com; brett.stone@hellerehrman.com; schilds@hellerehrman.com; dluster@hellerehrman.com

Christopher Alan Keele     ckeele@twtlaw.com, gbeasley@twtlaw.com; rsnipes@twtlaw.com

Aaron Kyle Perzanowski     aperzanowski@fenwick.com, ncarroll@fenwick.com

Paul E. Rice     price@civlit.com, smoody@civlit.com

Saundra McClendon Riley     sriley@fenwick.com, mbehen@fenwick.com

Rachael Gayza Samberg     rsamberg@fenwick.com

William M. Sloan , Esq     wmsloan@stoel.com,

Colbern C. Stuart , III     cole.stuart@hellerehrman.com, trish.lawton@hellerehrman.com

Molly A Terwilliger     molly.terwilliger@hellerehrman.com, malissa.tracey@hellerehrman.com

Naikang Tsao     ntsao@foley.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/1/07**                                                                 **Chambers of Judge Richard Seeborg**

                                                                                                **By:        /s/ BAK**

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
C 03-02232 JF (RS)