*E-FILED 10/29/07*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYSTEMS AMERICA, INC., et al.,<br><br>　　　　　Plaintiffs,<br>　v.<br>ROCKWELL SOFTWARE, INC. et al.,<br><br>　　　　　Defendants. | Case No.  C 03-02232 JF (RS)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL, AND DENYING REQUEST TO REOPEN DISCOVERY |

**I. INTRODUCTION**

　　　Plaintiff Systems America seeks to compel a further deposition of defendant Rockwell Software under Rule 30 (b)(6) of the Federal Rules of Civil Procedure, and the further production of documents pursuant to two specific document requests.  Systems America also requests that discovery be reopened for a brief time period to permit it to pursue certain other information.  For the reasons set forth below, the  motion to compel will be granted in part and denied in part, and the request to reopen discovery will be denied.

## II. BACKGROUND[1]

A. <u>Matters pertaining to the request to reopen discovery</u>

At a case management conference before the presiding judge in April of 2007, Systems America requested that the discovery cut off in this action be extended by 90 days. At the time, Systems America had a pending motion to compel that had not yet been heard. The presiding judge expressed concern that evaluating whether an extension of the cut off was warranted could turn in part on the outcome of the then-pending motion to compel. The presiding judge, in effect, directed the parties to take the issue up with this Court. At the hearing on that motion to compel, held on May 16, 2007, the Court directed the parties to submit letter briefs setting out their views as to the appropriateness of extending the discovery cut off, once the Court had ruled on the motion to compel.

On June 1, 2007, the Court entered its order granting in part and denying in part the motion to compel. Discovery closed that same day. Thereafter, on June 14, 2007, Systems America submitted its letter brief. Because discovery had already closed, its request by definition had become one to re-open, rather than to extend, discovery.

On July 13, 2007, this Court entered a Scheduling Order that vacated all pending pretrial deadlines, and set the matter for a further case management conference before the presiding judge on August 31, 2007. The order also recommended to the presiding judge that all remaining events on the case management schedule be continued for a period of approximately 60 days. Although that order did not expressly mention Systems America's request to re-open discovery, its effect was to deny that request.

In the parties' joint case management conference statement submitted to the presiding judge on August 24, 2007, Systems America renewed its request to re-open discovery and Rockwell objected. At the case management conference the following week, the issue was not discussed at all. Again, the effect was that the request was denied.

---

[1] The general background of this action has been described in prior orders and will not be repeated here.

2

1    Two weeks later, Systems America submitted a letter brief to this Court, again requesting
2    that discovery be reopened, and suggesting that the presiding judge had referred the matter here,
3    "[a]t the recent Case Management Conference." Rockwell responded by providing a copy of the
4    transcript from the August 31, 2007 case management conference to demonstrate that, as noted
5    above, the subject had not been discussed at that conference.
6    Nevertheless, in view of the confusion in the record, and after consulting with the presiding
7    judge, on September 26, 2007, this Court issued a Briefing Order permitting the parties to submit
8    supplemental letter briefs on the question of reopening discovery.

10   B. <u>Matters pertaining to the motion to compel</u>
11   As noted above, the discovery cut off in this action was June 1, 2007. By operation of Civil
12   Local Rule 26-2, the ordinary deadline for filing motions to compel expired June 12, 2007; by
13   stipulated order, however, that deadline was extended to June 19, 2007.
14   The motion seeks to compel Rockwell to produce a witness to testify on two discrete topics
15   in response to a deposition notice dated August 7, 2007, and to produce additional documents that
16   Systems America contends would be responsive to two document requests served in September of
17   2006. This motion was filed on August 8, 2007.

19                                **III. DISCUSSION**
20   A. <u>Further 30(b)(6) deposition</u>
21   The motion to compel and the deposition notice itself are undeniably untimely, unless and to
22   the extent the further deposition relates to the post-discovery cut off document production made by
23   Rockwell pursuant to the Court's June 1, 2007 order, or to the extent the parties *agreed* that the
24   deposition would go forward, or both.
25   There appears to be no dispute that the parties continued to discuss scheduling of a Rockwell
26   deposition after the discovery cut off, with the shared understanding that a deposition would go
27   forward. The impasse that gave rise to this motion occurred when Rockwell took the position that it
28   was willing to produce a witness to provide further testimony on *financial* topics but was not

3

willing to provide a witness to testify on *marketing* issues. Rockwell appears to have drawn that distinction based on the fact that it offered substantial testimony on marketing issues in April of 2007, but that financial issues may not have been fully explored at that time.

Rockwell's attempt to tie a further deposition to what was or was not the subject of testimony in April of 2007, however, is unavailing. Systems America is arguing it is entitled to testimony explaining the documents it received in the production ordered by the Court on June 1, 2007. By email dated June 19, 2007, Rockwell expressly confirmed that it "has agreed to produce a witness to testify about the supplemental production."[2] Accordingly, Rockwell must produce a witness so to testify.

That said, it does not follow that the witness necessarily must be prepared to testify on the specific two topics as framed by Systems America in its untimely notice dated August 7, 2007. The intent of this order is that Rockwell must provide a witness adequately prepared to testify regarding the documents it produced in its supplemental production, as it agreed to do, without relying on a distinction between "financial" and "marketing" information. To the extent that the two topics specified in the August 7, 2006 are fairly implicated by the supplemental document production, then questions on those topics will be appropriate, but it is Rockwell's agreement to produce a witness regarding the supplemental production that is being enforced, rather than the untimely August 7, 2007 notice *per se*. The parties are expected to meet and confer to resolve any disputes they may have as to the appropriate scope of the deposition in light of this order.

B. <u>Customer Contact Lists</u>

Systems America also seeks to compel Rockwell to produce complete customer contact lists, contending such lists would be responsive to certain document requests served in 2006. Not only is the motion untimely, but the document requests on which Systems America relies simply cannot be reasonably read to call for the material it now seeks. The fact that Rockwell may have supplied

---

[2] Rockwell contends Systems America should have included a request for such deposition testimony as part of its prior motion to compel. Even assuming Systems America could or should have foreseen its need for the testimony at some earlier point in time, Rockwell's agreement to provide the testimony precludes it from relying on such an argument.

4

*some* such information does not compel a contrary conclusion. Accordingly this portion of the motion is denied.

### C. Reopening discovery

As the history set out above reflects, the question of extending or reopening discovery was referred to this Court so that it could evaluate the extent to which matters that were the subject of motions to compel might warrant an additional period for conducting discovery.   Although the Court has now granted  (in part) two motions to compel that have allowed *specific* discovery events to go forward after the cut off, Systems America's more generalized request to reopen discovery for certain *other* purposes has been denied twice, once by this Court and once by the presiding judge. Systems America has not shown the result should be different now. Accordingly, the request is denied.

### IV. CONCLUSION

The motion to compel a further deposition of Rockwell regarding the supplemental document production it made in response to the Court's June 1, 2007 order is granted, limited to 5 hours. The parties shall meet and confer to schedule the deposition as promptly as practicable, and to resolve any disputes they may have over its precise scope. The motion to compel is otherwise denied, as is Rockwell's request to reopen discovery.

IT IS SO ORDERED.

DATED:   October 29, 2007

RICHARD SEEBORG
United States Magistrate Judge

5

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN ELECTRONICALLY DELIVERED TO:**

Alexander L. Brainerd     alexander.brainerd@hellerehrman.com, robin.ramirez@hellerehrman.com

Rodger R. Cole    rcole@fenwick.com, vpieretti@fenwick.com

Kimberly K. Dodd     kdodd@foley.com, rbarcena@foley.com

Daniel L. Feder    danfeder@pacbell.net

Nancy J. Geenen    ngeenen@foleylaw.com, rbarcena@foleylaw.com

Christopher G. Hanewicz     christopher.hanewicz@hellerehrman.com

Annette L. Hurst     annette.hurst@hellerehrman.com, brett.stone@hellerehrman.com, dluster@hellerehrman.com, patti.johnsen@hellerehrman.com, schilds@hellerehrman.com

Christopher Alan Keele     ckeele@twtlaw.com, gbeasley@twtlaw.com, rsnipes@twtlaw.com

Nicholas Brian Melzer     nicholas.melzer@hellerehrman.com

Aaron Kyle Perzanowski     aperzanowski@fenwick.com, ncarroll@fenwick.com

Paul E. Rice    price@civlit.com, kweis@civlit.com

Saundra McClendon Riley     sriley@fenwick.com, mbehen@fenwick.com

Rachael Gayza Samberg     rsamberg@fenwick.com

Colbern C. Stuart , III     cole.stuart@hellerehrman.com, trish.lawton@hellerehrman.com

Molly A Terwilliger     molly.terwilliger@hellerehrman.com, malissa.tracey@hellerehrman.com

Naikang Tsao    ntsao@foley.com

**Dated: 10/29/07**                                        **Chambers of Judge Richard Seeborg**

                                                            **By:        /s/ BAK**

6