*E-FILED 4/23/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SYSTEMS AMERICA, INC., et al.,

        Plaintiffs,

  v.

ROCKWELL SOFTWARE, INC. et al.,

        Defendants.

NO. C 03-02232 JF (RS)

**ORDER DENYING MOTION FOR LEAVE TO TAKE DEPOSITION**

Rockwell Automation, Inc and Rockwell Software, Inc. (collectively "Rockwell") seek leave to take a further deposition of Adesh Tyagi, prior to his planned relocation to India. Rockwell represents that Tyagi has no objection to appearing for deposition. Rockwell further represents that it seeks only (1) to "clarify" the relationship among source code files appearing on five disks produced in discovery by Systems America; (2) to authenticate those disks; and (3) to authenticate approximately 20 "employment documents" also produced in discovery by Systems America.

Third party defendant Versant Corporation opposes Rockwell's motion, arguing that Rockwell likely made a strategic choice not to inquire into these matters during the four days of Tyagi's prior deposition sessions, and that in any event nothing precluded Rockwell from obtaining the testimony previously. Versant further argues that even if Rockwell did not recognize the import of a disk labeled SYS 9101 until expert reports were exchanged after the close of fact discovery, it failed to seek relief until approximately ten months later. Under these circumstances, Versant argues, Rockwell cannot show that it acted with the requisite diligence to support reopening

1

1 discovery, even for a limited purpose, at this late juncture.

2 Rockwell disputes that it could or should have recognized the import of the disk and
3 documents at issue prior to completing Tyagi's deposition. It is undisputed, however, that the
4 materials had been produced to Rockwell prior to the deposition. Attention had also been called to
5 materials in discovery responses and otherwise such that Rockwell's claim that it was unaware of
6 their significance is not persuasive.

7 Even assuming, however, that Rockwell reasonably did not realize it needed this information
8 prior to the completion of Tyagi's deposition, it has failed to show that it acted with diligence
9 thereafter. Rockwell's explanation for the delay of approximately ten months is that it only became
10 aware that Tyagi may be leaving the country after the trial date was continued at the request of
11 Versant. Although that serves as a factual explanation for the timing of this motion, it does not
12 substitute for acting with reasonable diligence. Even prior to Tyagi announcing an intent to leave
13 the country, Rockwell had no more guarantee that he would be available to testify at trial than it has
14 now. At any time Tyagi could have put himself beyond the reach of a subpoena issued by this court;
15 the mere fact that he has now apparently announced actual plans to do so does not significantly
16 change anything.

17 Where, as here, a party seeks to modify a scheduling order, "the focus of the inquiry is upon
18 the moving party's reasons for seeking modification . . . .. If that party was not diligent, the inquiry
19 should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Rockwell
20 has failed to show that it acted diligently under all the circumstances here. Accordingly, the motion
21 is denied.

22
23
24 IT IS SO ORDERED.
25 Dated: April 23, 2008
     　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　RICHARD SEEBORG
26 　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
27
28

2

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Gina Ann Bibby     cphillips@foley.com, gbibby@foley.com

Brian Wesley Carver     bcarver@fenwick.com, tbell@fenwick.com

Rodger R. Cole     rcole@fenwick.com, vpieretti@fenwick.com

Kimberly K. Dodd     kdodd@foley.com, rbarcena@foley.com

Daniel L. Feder     danfeder@pacbell.net

Nancy J. Geenen     ngeenen@foley.com, mlagdameo@foley.com, rbarcena@foley.com

Christopher Alan Keele     ckeele@twtlaw.com, gbeasley@twtlaw.com, rsnipes@twtlaw.com

Aaron Kyle Perzanowski     aperzanowski@fenwick.com, ncarroll@fenwick.com

Paul E. Rice     price@civlit.com, kweis@civlit.com

Saundra McClendon Riley     sriley@fenwick.com, mbehen@fenwick.com

Rachael Gayza Samberg     rsamberg@fenwick.com

Naikang Tsao     ntsao@foley.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 4/23/08**                                                                 **Richard W. Wieking, Clerk**

                                                                                          **By:**     **Chambers**

ORDER
C 03-02232 JF (RS)

3